THREADGILL, Judge.
The appellant, Jose Padilla, appeals sentences imposed against him for two counts of armed burglary, in violation of section 810.02(2)(b), Florida Statutes (1995), a first-degree felony punishable by life imprisonment, and one count of grand theft of a firearm, in violation of section 812.014(2)(c)5., Florida Statutes (1995), a third-degree felony. His attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting no arguable merit. We have reviewed the record and have found a sentencing error. Because the error will not affect the overall length of the appellant’s sentence, we strike the illegal portion of the sentence. We affirm in all other respects.
The sentences on the two counts of armed burglary were legal, because the incarcerative portions of the sentences were within the recommended guidelines range, and the overall sentences were within the statutory máximums for the offenses. The sentence on the grand theft charge was illegal, however, because it exceeded both the statutory maximum and the sentencing guidelines range. The median recommended guidelines sentence was 87 months’ prison. Although the grand theft was a third-degree felony punishable by up to five years in prison, the trial court properly imposed the 87-month sentence, because a trial court must impose a sentence within the sentencing guidelines’ recommended range when the recommended sentence exceeds the statutory maximum for the offense. See Fla. R.Crim. P. 3.703(d)(28); Willis v. State, 736 So .2d 1251 (Fla. 2d DCA 1999). By adding the ten years of probation, however, the trial court exceeded both the statutory maximum and the maximum permitted by the guidelines. A sentence that exceeds both the statutory maximum and the guidelines maximum is illegal. See Willis, 736 So.2d at 1252.
We therefore affirm the sentences for the two counts of armed burglary, but strike the term of probation on the sentence for grand theft. We affirm the sentence for grand theft in all other respects.
Affirm in part; strike probation sentence for grand theft.
CAMPBELL, A.C.J., and DAVIS, J., Concur.